Motaz M. Gerges, SBN 202175
LAW OFFICE OF MOTAZ M. GERGES
18543 Devonshire St., #448
Northridge, CA 91324
mgerges@aol.com

14320 Ventura Blvd. #463
Sherman Oaks CA 91423
Telephone: (818) 900-5600
gergeslaw@yahoo.com

Attorneys for Plaintiffs,
Hany Tanious; Loussine S. Mazmanian
and the Class Members

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hany Tanious; Loussine S. Mazmanian; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>James B. Gatton; Patrick J. O'Malley; Landstar System Inc.; Landstar Ranger, Inc.; and DOES 1 to 25, inclusive,<br><br>Defendants. | Case No.: 4:20-CV-08595-JSW<br><br>**PLAINTIFFS' LIMITED OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>DATE: March 5, 2021<br>TIME: 9:00 A.M.<br>COURTROOM: "5" |

## I.     INTRODUCTION

Defendants' James B. "Gatton"; Patrick J. "O'Malley"; Landstar System Inc., ("LSI"); and Landstar Ranger, Inc., (LRI") file their Sur-Reply in Opposition to Plaintiffs' "Motion" to Remand, making two irrelevant and immaterial claims.

First, defendants propose, "**For the first time in their reply in support of their**

1

1 **Motion**, Plaintiffs argue the case should be remanded because Defendants Gattoni and O'Malley have not consented to removal; the Court should reject Plaintiffs' new argument." (Surreply; p.1:4)

And, to support such feeble argument, defendants claim "**The issue of consent is irrelevant.**"

28 U.S.C. § 1446 (2)(A) provides "When a civil action is removed under section 1441(a), **all defendants who have been properly joined and served must join in or consent to the removal of the action**.

Defendants attempt to justify their failure to obtain full consent of all parties prior to removal on the bases that "Defense counsel **represent** all four Defendants, including Mr. Gattoni and Mr. O'Malley." "All four defendants removed the case from state court; all four defendants filed the opposition to Plaintiffs' Motion; and even now all four defendants submit sur-reply.' "There was no need for any defendant to consent to remove because all defendants removed the case to this Court." (Surreply, p.1:7)

The representations are preposterous and do not comport with statutory requirements and decisional authorities in unanimity of all defendants' requirements. **When the plaintiff names and serves multiple defendants, all defendants "must join in or consent to the removal of the action.**" *Szuszalski v. Fields*, No. 1:19-cv-0250 RB-CG, 3 (D.N.M. Nov. 13, 2019)

The disaster itself began to unfold, when defendants in support of their Opposition to the Motion filed declaration of Ms. Nancy J. Hasty, the vice-president of Human Resources who testified under oath that "Mr. O'Malley retired on February 7, 2020" and allegedly resides in Iowa.

More than 10 months after Mr. O'Malley separated from the company, Mr. Adam C. Smedstad, removed the state case to this court by artfully drafting the removal notice that did not reference if all defendants consented or even joined in removal. **The unanimity requirement is met if the timely removing defendant avers, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that all defendants consent to**

2

1  **removal**. Proctor v. Vishay Intertechnology, Inc. 584 F.3d 1208, 12225 (9th Cir. 2009);
2  also see Destfino, 630 F.3d at 957.
3      At the time of preparing Notice of Removal, Mr. Smedstad could not have made
4  such representation under Rule 11, because he did not personally obtain Mr. O'Malley's
5  consent to remove or even join in removal. Anything other than that would have made Mr.
6  Smedstad's declaration under penalty of perjury false again. Counsel for Plaintiffs does
7  not believe Mr. Smedstad wanted to go for a second count lying to the Court, as officer of
8  the Court. That is the main reason, Mr. Eckhart took over and signed the Administrative
9  Sur-Reply.
10     In his attempt to justify, Mr. Eckhart erroneously assert that since defendants filed
11 notice of removal; opposition to motion to remand and now this Sur-Reply, the unanimity
12 requirements are satisfied. However, he is not able to support this ruse conclusion with any
13 statute, caselaw or decisional authority.
14     Contrary to Mr. Eckhart's assertion, raising the issue of mutual consent in
15 Plaintiffs' Reply was not a new evidence. Little be known, one of removal requirements is
16 the unanimity requirement of all properly served defendants who must join in or consent to
17 removal. Not only the notice of removal is devoid of such statement, the subsequent
18 Opposition to Motion also failed to mention if defendants had consented or properly joined
19 in removal.
20     Through their Sur-Reply, defendants now want third bite at the apple. This Court
21 should not permit these artfully deceptive pleadings by defendants' attorneys, including
22 Mr. Eckhart who also made deliberate false statement to this Court in order to gain an
23 advantage over this matter.
24     Second, Mr. Eckhart asserts that because "Plaintiffs filed their motion four days late
25 on January 8, 2021." "Plaintiffs waived this issue twice." (Surreply, p.1:22)
26     Referring to unanimity requirements and in order to validate the contention, Mr.
27 Eckhart, then attacks Plaintiffs' Motion claiming it was filed on January 8, 2021, which
28 was supposedly four days late.

1 Although, it is not evident how Mr. Eckhart receives his information, it appears that
2 left hand has no idea was the right hand is doing; or he is also engaged in the same pattern
3 of bad and dishonest business practices his co-counsel Mr. Smedstad has been committing.
4 Here is why.

5 In their recent pleading maneuvering, Mr. Eckhart writes, "….plaintiffs waived this
6 issue twice. Because defendants filed the notice of removal on December 4, 2020,
7 Plaintiffs' motion was due January 4 2021." (Surreply, p.1: 21) That is desperation at its
8 worth.

9 Attached hereto as Exhibit 1, is a letter dated **December 7, 2020**, signed by Mr.
10 Smedstad. The letter states:

11 Dear Mr. Gerges;

12 Enclosed, please find the following documents that were filed on December 4,
13 2020, in the Northern District of California:

14 - Notice of Removal and Associated Exhibits;
15 - Case assignment to Magistrate Judge Joseph C. Spero;
16 - Order Setting Initial Case Management Conference and ADR Deadlines, and
17   Associated Documents;
18 - Docket Text Only-No Document-Answer to Removal of Complaint by
19   Defendants;
20 - Corporate Disclosure Statement/Notice of Interested Parties.

21 As referenced by Exhibit 1 and the Certificate of Service signed by Mr. Smedstad,
22 the letter was mailed to two different addresses in Northridge and Sherman Oaks,
23 California on December 7, 2020. Affording Plaintiffs three days for mailing services
24 pursuant to the statute, Plaintiffs' Motion to Remand was not due until January 9, 2021.

25 As admitted by Mr. Eckhart, Plaintiffs filed their Motion on January 8, 2021. So,
26 how is Plaintiffs' Motion late for four days? Surreply should be denied on defendants'
27 counsels' dishonesty alone.
28 ///

## II. ARGUMENTS

### A. Standard on Request to File a Sur-Reply

Civil Local Rule 7-3(d) provides:

Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except as follows:

1. Objection to Reply Evidence: If **new evidence** has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion. The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.
2. Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion-without argument. N.D. Cal. Civil L.R. 7-3(d).

Neither exception applies here as Plaintiffs' Reply Memorandum of Points and Authorities in support of the Motion did not introduce **new evidence** and defendants did not submit any opinions published to support their contention. Plaintiffs only responded to the evidence that defendants attached to their Opposition. The declaration of Ms. Hasty raised issues that should have been evident on the face of the Notice of Removal. And since the unanimity requirements between defendants were missing under rule 11, Plaintiffs were entitled to reference facts that were missing from the notice of removal.

A sur-reply "may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002). "**The matter must be truly new**," (*id.* at 277), for example, "when the opposing party's reply brief include[d] a supplemental declaration." *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014).

Plaintiffs did not attach a **new declaration** nor introduce **new evidence**. Plaintiffs

only responded to the declaration of Ms. Hasty who introduced new information that were artfully absent from the Notice of Removal which practically made the Notice of Removal defective. The request to file Surreply must be denied.

### B. **Defendants' Administrative Motion for Leave to File a Surreply Should Be Denied**

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). District court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply; *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Defendants claim that the Court should reject Plaintiffs' new argument regarding defendants' unanimity consent. However, defendants' Notice of Removal is defected on its face because it does not specify under Rule 11 that all defendants consented to removal.

Defendants' motion must be rejected and case should be remanded on that procedural defective alone.

Here Defendants seek leave to file a surreply to address allegedly "new arguments" raised by Plaintiffs for the first time in their reply. Plaintiffs, however, did not provide any new evidence in the reply to Defendants' opposition nor did Plaintiffs raise new issues or arguments. Rather, Plaintiffs cited to the record, their Motion, notice of removal and various legal authorities and substantively addressed those new issues raised by Defendants in their opposition. (*See declaration of Ms. Hasty*)

As Defendants have not offered any valid basis upon which the Court should exercise its discretion to permit the filing of a Surreply, Defendants' motion for leave to file a Surreply should be denied.

Further, since defendants' removal based on Class Action Fairness Act was also defective, the argument that they did not need consent from all defendants must fail as

well. In order to be classified under the **Class Action Fairness Act**, a **class action** must: Exceed $5 million, exclusive of interest and costs. Have a minimum of 100 **class** members. Include at least one diverse plaintiff (a citizen of a different or foreign state than the defendant).

As fully explained through the Motion and Reply in support, defendants' removal based on CAFA was defective. Leave to file Surreply must be denied and case remanded to state court. Case

### III.   CONCLUSION

Defendants' request for leave to file a Sur-Reply to add new argument and evidence in support of their Opposition to Plaintiffs' Motion to Remand should be denied as submitting new evidence in a sur-reply is not a permissible way of responding to a motion to remand nor is it permitted under Civil Local Rule 7-3(d). Plaintiffs prey the Court to deny defendants' yet another dilatory motion for leave to file Surreply.

Dated: February 08, 2021                    LAW OFFICES OF MOTAZ M GERGES.

                                                          /s/ Motaz M. Gerges                    .
Attorneys for Plaintiffs Hany Tanious; Loussine S. Mazmanian and the Class Members