Motaz M. Gerges, SBN 202175
LAW OFFICE OF MOTAZ M. GERGES
18543 Devonshire St., #448
Northridge, CA 91324
mgerges@aol.com

14320 Ventura Blvd. #463
Sherman Oaks CA 91423
Telephone: (818) 900-5600
gergeslaw@yahoo.com

Attorneys for Plaintiffs,
Hany Tanious; Loussine S. Mazmanian
and the Class Members

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hany Tanious; Loussine S. Mazmanian; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>James B. Gatton; Patrick J. O'Malley; Landstar System Inc.; Landstar Ranger, Inc.; and DOES 1 to 25, inclusive,<br><br>Defendants. | Case No.: 4:20-CV-08595-JSW<br><br>**PLAINTIFF'S OPPOSITIONS TO DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Hearing Date: June 25, 2021<br>Time:          9:00 AM<br>Courtroom:  5<br>Judge:       Hon. Jeffrey S. White |

Defendants have moved to transfer this case to District of Florida pursuant to 28 U.S.C. § 1404(a). This motion would be more suited as motion to run away from the truth, than to transfer. The truth is, California Supreme Court has already declared truck drivers similar to Plaintiff "Employees" not "Independent Contractors". And in that respect any reference to an independent contractor that was created by fraudulent intent in deceiving Plaintiff is void because it is a product of deliberate misrepresentations of facts. The motion must be denied in its entirety.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.      LEGAL STANDARD. ...................................................................................................... 1

II.     INTRODUCTION................................................................................................................ 1

III.    THE PRESENT COMPLAINT SIGNIFICANTLY IS DIFFERENT FROM THE
        INITIAL CASE. ................................................................................................................ 3

IV.     ENFORCEMENT OF THE FORUM-SELECTION CLAUSE WOULD
        CONTRAVENE CALIFORNIA'S STRONG PUBLIC POLICY. ................................... 4

        A.      Application of California Labor Code Section 925. ............................................ 5

                1.      Plausibility of Alleged Employee Status Under California Law. ............ 6

                2.      Contract Was within the Time Frame of the Statute. ............................... 9

        B.      TRANSFER ANALYSIS UNDER SECTION 1404(a)....................................... 10

                1.      Convenience and Fairness. ..................................................................... 11

                2.      Transfer Would Contravene Public Policy and Not Be in The
                        Interest of Justice.................................................................................... 13

V.      CONCLUSION ................................................................................................................ 14

i

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

4

### <u>Cases</u>

5

*Argueta v. Banco Mexicano, S.A.*,
6
    87 F.3d 320 (9th Cir. 1996) ............................................................................. 1

7

*Ashcroft v. Iqbal*,
8
    556 U.S. 662 (2009) ........................................................................................ 7

9

*Bremen* v. *Zapata Off-Shore Co.*,
    407 U.S. 1 (1972), (*Bremen*) ..................................................................... 4, 10
10

11

*Citizens Concerned About Our Children v. School Board*,
    193 F.3d 1285 (11th Cir. 1999) ...................................................................... 8

12

*Cook* v. *Fox*,
13
    537 F.2d 370 (9th Cir. 1976) .......................................................................... 4

14

*Decker Coal Co.* v. *Commonwealth Edison Co.*,
15
    805 F.2d 834 (9th Cir. 1986) ................................................................... 11, 12

16

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
    485 F.3d 450 (9th Cir. 2007) .......................................................................... 1
17

18

*Hughes v. Lott*,
    350 F.3d 1157 (11th Cir. 2003) ...................................................................... 8

19

*Jackson v. Rent-a-Center West, Inc.*,
20
    581 F.3d 912 (9th Cir. 2009) ........................................................................ 10

21

*Jones* v. *GNC Franchising, Inc.*,
22
    211 F.3d 495 (9th Cir. 2000) ................................................................. 4, 5, 10

23

*Karl v. Zimmer Biomet Holdings, Inc.*,
    No. C 18-04176 WHA (N.D. Cal. Nov. 6, 2018) ...................................... 7, 9
24

25

*Liberty Nat'l Ins. Holding Co. v. Charter Co.*,
    734 F.2d 545 (11th Cir. 1984) ....................................................................... 8

26

*Lou* v. *Belzberg*,
27
    834 F.2d 730 (9th Cir. 1987) ........................................................................ 11

28

*Murphy v. Schneider Nat'l, Inc.*,
  362 F.3d 1133 (9th Cir. 2004)......................................................................................... 1

*OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*,
  549 F.3d 1344 (11th Cir. 2008)...................................................................................... 7

*Samco Global Arms, Inc. v. Arita*,
  395 F.3d 1212 (11th Cir. 2005)...................................................................................... 8

*Schultz* v. *Hyatt Vacation Marketing Corp.*,
  2011 WL 768735 (N.D. Cal. 2011)............................................................................... 11

*TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*,
  915 F.2d 1351 (9th Cir. 1990)....................................................................................... 1

*Van Dusen* v. *Barrack*,
  376 U.S. 612 (1964) ....................................................................................................... 11

## Statutes

28 U.S.C. § 1404(a) ................................................................................................. 4, 10, 11, 14

California Labor Code § 132a ......................................................................................... 1

California Labor Code § 226.8........................................................................................ 1

California Labor Code Section 925 .......................................................................... *passim*

California Labor Code § 3200 ........................................................................................ 1

California Labor Law ...................................................................................................... 2

California Labor Laws .................................................................................................... 11

ECPA .............................................................................................................................. 10

FLSA ............................................................................................................................... 13

## Rules

Fed. R. Civ. P. 58(c)(2)(B) ............................................................................................ 8

Federal Rule of Civil Procedure 12(b)(3) ..................................................................... 1

## Other Authorities

https://trac.syr.edu/tracreports/bulletins/overall/monthlyapr21/cfil/............................ 13

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   LEGAL STANDARD.

Interpretation and enforcement of forum selection clauses are procedural issues to be decided under federal law. *See Manetti-Farrow*, 858 F.2d at 513; *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1353 (9th Cir. 1990).

A motion to dismiss based on a forum selection clause is treated as an improper venue motion under Federal Rule of Civil Procedure 12(b)(3). *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). In ruling on a Rule 12(b)(3) motion, the pleadings are not accepted as true and the court may consider other evidence. *Id.* The court must resolve all factual conflicts and draw all reasonable inferences in favor of the non-moving party. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 455 (9th Cir. 2007).

### II.   INTRODUCTION

In this putative class action, defendants move to transfer venue to middle district in Florida not based on the facts in the case but based on Judge Fischer' prior order. For the reasons herein, defendants' motion is without merit and must be **DENIED**.

As the court knows, Plaintiff Tanius was a truck driver working for defendants and was severely injured and totally disabled for life. Since defendants misclassified him as independent contractor in violation of California Labor Code § 226.8, Plaintiff was not provided benefits in further violation of California Labor Code § 3200. Upon his injuries, instead of giving him a helping hand, defendants so cowardly terminated him in violation of California Labor Code § 132a.

Plaintiff's first attorney filed a class action complaint in San Bernardino County, ("Initial Complaint"). At some point in proceedings, Plaintiff's first attorney substituted out of the case with a second attorney who left Plaintiff on his own. While Plaintiff was searching for another attorney, defendants' attorney, Mr. Adam C. Smedstad used the opportunity against a pro se litigant and removed the Initial case based on perjurious declaration to secure removal more than 6-months after defendants had been served.

1    After the case was removed, Judge Dale S. Fischer afforded Plaintiff sometimes to secure an

2  attorney before she dismissed the class allegations. Three (3) months after removal, present

3  counsel, Motaz M. Gerges was substituted in the case. Thereafter, First Amended Complaint,

4  (FAC) was filed and the named defendants and causes as stand in the Initial case were

5  significantly different and distinct from the case before this court.

6    Upon filing the FAC, defendants filed a motion to transfer the case based on forum

7  selection clause to middle district of Florida. Fast forward, judge Fischer granted the motion to

8  transfer venue ignoring California Labor Law requirements against transfer. While the case was

9  being assigned to Florida District Court, Mr. Smedstad contacted Gerges to find out if Gerges

10  would seek pro hac vice application to represent Mr. Tanius in Florida. Gerges' response was,

11  negative.

12    At this stage, the Florida district court assigned a number to the case and Mr. Tanius was

13  once again self-represented before the Florida district court. Sometimes later unknown to Gerges,

14  Mr. Tanius decided to dismiss his case without prejudice.

15    In their Summary of Arguments, Mr. Smedstad once again makes untrue statements in

16  order to accomplish his motives. Mr. Smedstad writes:

17    "Judge Fischer transferred that case to the Middle District of Florida pursuant to
     the forum selection clause. Instead of litigating his claims in the Middle District,
18    **Plaintiff and his lawyer dismissed Plaintiff's complaint**. **They then
     disregarded Judge Fischer's transfer order** and **refiled Plaintiff's complaint**
19    alleging Landstar misclassified him in Alameda County." (Mtn., p. v)

20  This is truly desperation at its worth!

21    First, no one, including Plaintiff and Gerges, prevented judge Fischer's order traveling

22  from California to Florida. Plaintiff chose not to seek a writ; that was his right. Contrary to Mr.

23  Smedstad false statement, the Florida court assigned a case number to the transferred case and Mr.

24  Tanius was Plaintiff in Pro Se status. Simply put, judge Fischer ordered the case transferred and it

25  was done so. There was no disobedience of judge Fischer's transfer order, as Mr. Smedstad so

26  falsely and deceptively opined.

27    Next, Mr. Smedstad writes, "**Plaintiff and his lawyer dismissed Plaintiff's complaint**.

28  Contrary to Mr. Smedstad's conclusion, Mr. Tanius was self-represented; so, the statement in the

manner Smedstad writes, should read, "Plaintiff and Plaintiff dismissed Plaintiff's Complaint". Again, judge Fischer's order transferring the case did not include Plaintiff and/or his counsel could not dismiss Plaintiff's case.

This brings us to last comment made by Mr. Smedstad that: "**They then disregarded Judge Fischer's transfer order and refiled Plaintiff's complaint alleging Landstar misclassified him in Alameda County**."

Mr. Smedstad, as a licensed attorney, not only had filed false declaration under penalty of perjury to achieve removal, but also, is falsely accusing Plaintiff and his counsel of disobeying judge Fischer's order; nonetheless, Mr. Smedstad cannot show by any standard of evidence that judge Fischer's transfer order limited Plaintiff and his counsel refiling the case again.

Contrary to Mr. Smedstad, judge Fischer did not order Plaintiff and his attorney not to file another case or refile the same case; her order only transferred to the District of Florida the Initial case which is substantially different from the present case. How did Plaintiff and his counsel disregard judge Fischer's order, is a challenge defendants and Mr. Smedstad must substantiate.

### III.   THE PRESENT COMPLAINT SIGNIFICANTLY IS DIFFERENT FROM THE INITIAL CASE.

Defendants as profoundly misguided as they are, with the help of their counsel, Mr. Smedstad, are attempting to deceive this Court claiming, Plaintiff and his attorney disregarded judge Fischer order and refiled **Plaintiff's complaint alleging Landstar misclassified him**.

Not only judge Fischer's order did not reflect any such limitations; but also, the Initial Complaint was not based on misclassification since those causes were dismissed.

First, the present case significantly differs from the Initial case.

In comparison, the case at bar is a **Class Action Complaint** with Mr. **Tanius and Loussine S. Mazmanian** as Plaintiffs and representatives of the class; where, in the Initial case, Mr. **Tanius** was the only Plaintiff in a **single action,** not a class action.

Next, the present case has **four defendants**, **James B. Gattoni; Patrick J. O'malley; Landstar System Inc.; Landstar Ranger, Inc.; And Does 1 To 25**; where the Initial case had only **two defendants**, **Landstar System Inc.; Landstar Ranger, Inc**.; And **Does 1 through 100.**

More importantly, the Initial case was not challenged on its merit, did not reach a final decision and was not a final order before Plaintiff dismissed it.

Little beknown, a case is not adjudicated on its merit until it is decided by jurors or the court on its merit; not on defendants' motion to transfer.

Contrary to defendants' false assertion, Initial case was not decided on its merit and did not end with judgment either by judge Fischer, jury panel or by the reviewing courts.

### IV. ENFORCEMENT OF THE FORUM-SELECTION CLAUSE WOULD CONTRAVENE CALIFORNIA'S STRONG PUBLIC POLICY.

An action may be transferred to another district "where it might have been brought." 28 U.S.C. § 1404(a). Whether transfer or dismissal is appropriate "rests within the sound discretion of the district court." *Cook* v. *Fox*, 537 F.2d 370, 371 (9th Cir. 1976).

Generally, the district court considers the factors of Section 1404(a) when deciding a motion to transfer. *Jones* v. *GNC Franchising, Inc.*, 211 F.3d 495, 498–99(9th Cir. 2000). The presence of a forum-selection clause, however, changes the analysis. The Supreme Court has held that a forum-selection clause should beenforced unless the party challenging enforcement of the provision can show it is unreasonable. *Bremen* v. *Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972), (*Bremen*). But, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a **strong public policy of the forum** in which suit is brought, whether declared by statute or by judicial decision." *Id.* at 15. Here, the forum-selection clause is unenforceable because it contravenes California's strong public policy of litigating labor disputes that arise in California within the state. California Labor Code Section 925 makes forum-selection clauses voidable per public policy. Section 925 states, in part:

(a) An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following:

   i. Require the employee to adjudicate outside of California a claim arising in California.

   ii. Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

(b) Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute.

(f) This section shall apply to a contract entered into, modified, or extended on or after January 1, 2017.

Whether the forum-selection agreement here does not fall within the orbit of the statute is disputed.

Reserving discussion of the term "employee" for the moment—the forum-selection clause at issue here violates both prongs of Section 925(a) by: (1) requiring labor disputes that arise within California to be adjudicated in Florida, and (2) imposing Florida law on California employees.

In Section 925, California expresses a strong public policy to protect employees from litigating labor disputes outside of their home state. In an analogous context, our court of appeals made unenforceable a forum-selection clause due to California's strong public policy as expressed in an analogous statute:

> *Bremen, supra*, teaches that a strong public policy may be "declared by statute." By voiding any clause in an agreement limiting venue to a non-California forum for claims arising under or relating to a franchise located in the state, § 20040.5 ensures that California franchisees may litigate disputes regarding their franchise agreement in California courts. We conclude and hold that § 20040.5 expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue.
> Jones, 211 F.3d at 498.

Just to remind the court, defendants have been registered with the California Secretary of State to conduct business in this State for several decades. To permit Florida court to decide California labor laws would violate California Strong Public Policy to adjudicate its own laws in respect to its own citizens.

A. **Application of California Labor Code Section 925.**

Without any dispute, Section 925 applies to plaintiff's agreement because, plaintiff is misclassified as an independent contractor instead of "employee" in violation of state supreme court's decision in Dynamex Operations West v. Superior Court 4 Cal. 5th 903, 955–56 (2018),

(*Dynamex*). To remind the court, the last contract Plaintiff signed with defendants was dated 2017 and Plaintiff was terminated in October 2018 which fall within the time set by section 925. (Compl. ¶ 33)

### (1) <u>**Plausibility of Alleged Employee Status Under California Law**</u>.

The agreement's designation of plaintiff as an "independent contractor" does not foreclose further inquiry. Under California law, "[t]he labels placed by the parties on their relationship is not dispositive." S.G. Borello & Sons, Inc. v. Department of Industrial Relations (1989) 48 Cal. 3d 341, 349. In fact, the recent California Supreme Court decision in Dynamex Operations W. v. Superior Court, adopting the ABC test, made clear that all workers are presumed to be employees. 4 Cal. 5th 903, 955–56 (2018). "The ABC test presumptively considers all workers to be employees, and permits workers to be classified as independent contractors only if the hiring business demonstrates that the worker in question satisfies each of three conditions:"

> (A) that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of such work and in fact;
> (B) that the worker performs work that is outside the usual course of the hiring entity's business; and
> (C) that the worker is customarily engaged in    an independently established trade, occupation, or business of the same nature as the work performed.

Dynamex, 4 Cal. 5th at 955 (2018).

A recent California Court of Appeal decision clarified that, as to part (C), the inquiry is whether the worker "actually has such an independent business, occupation, or profession, not whether he or she could have one." Garcia v. Border Transportation Group, LLC, et al, 2018 WL 5118546 (Oct. 22, 2018). A worker is an employee if the employer fails to prove any of the above factors.

The ABC test applies only to claims arising under Industrial Welfare Commission Wage Orders. California Trucking Ass'n v. Su, 903 F.3d 953, 959, fn.4 (9th Cir. 2018). Here, all of plaintiff 's claims are for violations of the California Labor Code that arise under a Wage Orders 9-2001 (Compl. ¶¶ 31, 31, 241).

There is no doubt that Section 925 expresses California's strong public policy against enforcing forum- selection clauses in employment agreements. In a misclassification action such as this, doubt exists about whether the plaintiff qualifies as independent contractor. That determination, in turn, depends on a careful consideration of whether the complaint sets out facts and circumstances (taken as true) from which one could conclude that plaintiff has made a substantial showing that he or she is an employee under California law. *Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176 WHA, (N.D. Cal. Nov. 6, 2018)

Reviewing the Complaint, Plaintiff specifically demonstrate under the circumstances of his work performed, he was an employee not an independent contractor. (Compl. ¶¶ 31-70 and 75) Accordingly, plaintiff 's burden is simply to allege facts sufficient to show that his misclassification allegation is plausible, as required under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As drafted in the complaint, Plaintiff has pled facts sufficient to show that his misclassification claim (under the ABC test) is plausible. Plaintiff therefore qualifies for Section 925. *Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176 WHA, (N.D. Cal. Nov. 6, 2018)

Here, as plaintiff 's claims arise under an Industrial Welfare Commission Wage Orders 9-2001, the ABC test from *Dynamex* controls. Under this test, Plaintiff must be declared to be an employee, and for that reason the burden of proving otherwise shifts to defendants to show else.

Before this court can transfer this matter to Florida, it must first determine if Plaintiff is an employee or an independent contractor. Because Plaintiff has satisfied by way of his complaint that he is an employee, the burden now shifts to defendants to show otherwise. However, since defendants cannot satisfy their burden of persuasion, they are running to Florida to ask the court there to appeal the decision of the California Supreme Court in *Dynamex*.

The Florida courts are not proper forums to decide California Strong Public Policy in enforcing its labor laws regarding its citizens. To satisfy their burden, defendants keep relying on judge Fischer's decision transferring the Initial case to Florida.

Plaintiff will not repeat himself that judge Fischer's order is not a final order and is not subject to res judicata. A federal order is final and appealable only when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *OFS Fitel, LLC v.*

*Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1368-69 (11th Cir. 2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Judge Fischer's order did not end the litigation based on the merits of the case before her; Plaintiff ended it because he did not have to submit to jurisdiction in a forum that has no business deciding California labor laws.

It is imperative to add that if defendants did not agree with plaintiff dismissing his Initial case without prejudice, defendants had the judicial rights to seek appellate review or ask the Florida court to enter different dismissal. They failed to do so!

A federal "dismissal without prejudice can be appealed," so long as it otherwise is a final order. *Liberty Nat'l Ins. Holding Co. v. Charter Co.*, 734 F.2d 545, 553 n.18 (11th Cir. 1984). For instance, a federal dismissal without prejudice can be, nevertheless, final when the district court "f[inds] the defendants immune from all claims" and "close[s] the case without granting the plaintiff permission to amend or refile." *Samco Global Arms, Inc. v. Arita*, 395 F.3d 1212, 1213 n.2 (11th Cir. 2005).

Defendants cannot claim that Plaintiff's Initial case was adjudicated on its merits and were final and therefore, he cannot bring a new claim against them. On that notion, defendants attempt to convince this court since judge Fischer transferred an unrelated case to district of Florida, this court should follow the same order. A frail and feeble argument that would trigger the mandate of the 9th circuit, if this court chooses to follow judge Fischer's erroneous order.

By contrast, dismissals can be labeled without prejudice merely because they do not reach the merits and, thus, lack res judicata effect, yet nevertheless remain final and appealable; such a dismissal without prejudice "refers to the fact that the dismissal is not on the merits, not whether the dismissal is final and appealable." *Grayson*, 79 F.3d at 1094 n.7. That is because dismissal without prejudice permits a new action, assuming the statute of limitations has not run, without regard to res judicata principles. *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003).

Ultimately, whether a judgment is final and appealable in federal court depends exclusively on whether the district court actually entered judgment (or a judgment is deemed by law to have been entered by the passage of time) *See* Fed. R. Civ. P. 58(c)(2)(B); *see also* note 35; as to all claims and all parties. *E.g.*, *Citizens Concerned About Our Children v. School Board*, 193

1  F.3d 1285, 1289 (11th Cir. 1999) ("[O]rder dismissing one plaintiff, but not others, is not

2  immediately appealable.").

3           **(2)** **Contract Was within the Time Frame of the Statute**.

4        Defendants do not deny that Plaintiff had a contract of employment between them which

5  started in 2013 and was renewed every two years thereafter and was terminated in October 2018

6  when Plaintiff was injured at work.

7        Section 925(f) indicates that the section "shall apply to a contract entered into, modified, or

8  extended on or after January 1, 2017." Though plaintiff's initial agreement was signed in 2013

9  (before the effective date of Section 925), defendants every two years signed a new contract with

10  final one to be in 2017 after the effective date of section 925(f). Defendants have conceded that

11  fact in their Motion since they have not challenged the effective date of Plaintiff's last

12  employment agreement.

13        On these notes, the modification condition required by Section 925 is met. Yates v. Norsk

14  Titanium US, Inc., 2017 WL 8232188 (C.D. Cal. Sept. 20, 2017) (Judge Andrew Guilford),

15  defendants contend that the emailed revision which augmented plaintiff's compensation is not a

16  contractual modification for purposes of the statute. Yates, however, found Section 925

17  inapplicable to an implied-in-fact modification "because the employment agreement require[d]

18  that any amendment or modification be 'in a writing signed and dated by both parties.' " Id. at *3.

19        Through their Motion, defendants keep raising and relying strongly on previous order by

20  judge Fischer which granted transfer. Because judge Fischer's prior decision did not considered

21  Section 925, that order is out of place.

22        By way of comparison applicable to this case, in Lentini v. Kelly Servs. Inc., No. C17-

23  03911 WHA, 2017 WL 4354910, at *3–4 (N.D. Cal.Oct. 2, 2017), the court considered the merits

24  of the plaintiff's contention that his PAGA claim in a wrongful termination action precluded

25  transfer of his case by making his forum-selection clause unenforceable on public policy grounds.

26  It did not. *Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176 WHA, (N.D. Cal. Nov. 6, 2018)

27        For these reasons judge Fischer's prior order is not applicable and since Plaintiff's

28  agreement and his employment until 2018 fall within Section 925's orbit and contravenes

9

California's strong public policy against litigating labor disputes out-of-state. The forum-selection clause is unreasonable under *Bremen* and shall not be enforced. Nor shall the choice of law provision, for the same reasons.

Further, the Ninth Circuit, in fact, held that the forum selection clause was unenforceable only as to "California resident plaintiffs bringing class action claims under California law." Id. at 5 (citing Doe 1, 552 F.3d at 1084). Rather, the court invalidated the clause only "as to California resident plaintiffs bringing class actions claims under California law." Id. at 1084. Jackson v. Rent-a-Center West, Inc., 581 F.3d 912 (9th Cir. 2009) Notably, the court reached this conclusion notwithstanding its awareness that Plaintiffs had alleged a federal claim under the ECPA *and* that "[i]n Virginia state court . . . class action relief for consumer claims is *unavailable*." Doe 1, 552 F.3d at 1083 n. 12 (emphasis added).

**B.   TRANSFER ANALYSIS UNDER SECTION 1404(a).**

Because the forum-selection clause has been found to be unenforceable, this court must consider the factors of Section 1404(a) to decide defendants' motion to transfer. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Section 1404(a) considers the convenience of the parties, the convenience of the witnesses, and the interest of justice, as understood through the following non-exhaustive list of factors: (1) the location where the relevant events occurred; (2) the forum that is most familiar with the governing law; (3) plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to plaintiff's cause of action in the chosen forum; (6) the differences in costs of litigation in the two fora; (7) the availability of compulsory process to compel attendance of unwilling non- party witnesses; (8) the ease of access to sources of proof; and (9) the public policy of the forum state. Jones, 211 F.3d at 498–99, 499 n.21. No single factor is dispositive. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). There is no dispute that this action may have been brought in the Middle District of Florida. Thus, defendants' motion only presents the question of whether the convenience of the parties and witnesses and the interest of justice favor

transfer. The purpose of Section 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen* v. *Barrack*, 376 U.S. 612, 616 (1964). To that end, district courts consider convenience and fairness factors on an individualized, case-by-case basis. *Stewart Org.*, 487 U.S. at 29. This court must weigh both private factors, which go to the convenience of parties and witnesses, and public factors, which go to the interest of justice. *Decker Coal Co.* v. *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

> 1. <u>**Convenience and Fairness**</u>.

Generally, great weight is accorded to a plaintiff's choice of forum, although that choice is given less weight when filed as a class action and where there are not significant contacts between the forum and the allegations of the complaint. *Lou* v. *Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). "[T]he most convenient forum is frequently the place where the cause of action arose." *Van Dusen*, 376 U.S. at 628.

The complaint is a California Class Action that seeks relief for Plaintiffs and the members of the Class who were citizens of State of California. On that notion, the choice of law should be California Labor Laws and members of the class who reside in California. Convenience and fairness should not be based on where a corporation is domiciled or has its principal business office or its corporate officers located. Although, defendants are domiciled in California, they claim corporate defendants are citizens of Florida and Delaware and one individual is citizen of Florida and the other pay taxes in Ohio.

Defendants' corporate headquarters may be in Florida and Delaware but, defendants hired several dozens of California citizens as truck drivers and more than 8000 truck drivers who allegedly drop off and pick off loads from California and therefore are subject to California labor laws since defendants violated the rights of California drivers. And since defendants are headquartered in Florida and Delaware "do not negate the local impact of [their] decision when they are implemented elsewhere." *Schultz* v. *Hyatt Vacation Marketing Corp.*, 2011 WL 768735, at *5 (N.D. Cal. 2011) (Judge Lucy H. Koh).

Moreover, as pled in plaintiff's complaint, the operative facts of this action occurred within California which has a strong interest in adjudicating labor disputes within the forum. Plaintiff therefore has established significant contacts between the chosen forum and the allegations of his complaint.

The next factor involves the convenience of parties and witnesses. In this action, named plaintiff s' convenience align with that of at least several dozen putative class members who reside in California and 8000 other drivers who travel to California and are subject to California labor laws.

First, no class or collective has yet been certified, so named plaintiffs are the only plaintiffs in this action and their convenience merit greater consideration than the putative class or collective members. Named plaintiffs live and work in this district, not in Florida, and naturally prefers to litigate this case here—which weighs against transfer.

Second, if certified, this geographically widespread collective action will likely call for some participants to travel inconvenient distances regardless of where the parties litigate.

Defendants claim that since corporate defendants who are domiciled in Florida and Delaware and one individual defendant is citizen of Florida with all of the corporate witnesses who are located in Florida, Florida would be proper place. Defendants' corporate witnesses and the cost associated with transporting employee-witnesses, however, would be unlikely to outweigh the airfare and hotel costs of named plaintiffs and putative class or collective members if this action were litigated in Florida.  Transfer is inappropriate when it merely shifts the inconvenience from one party to the other. *Decker Coal Co.* v. *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

If, however, a California class is indeed certified, plaintiffs, would be charged with the additional duties of representing the interests of class members. To transfer this action to Florida would cause Plaintiffs financial and logistical hardships as a disabled person with no income which would presumably compromise his ability to attend any hearings. Unlike plaintiffs, defendants offered no statement claiming hardships related to travel or scheduling availability for hearings in the Northern District of California. Defendants as third biggest trucking company in

the country will suffer no financial burden to travel to California and as appears it is already paying their California counsels to represent them and as was apparent the same attorney Mr. Smedstad who filed pro hac vice application when Initial case was ordered to Florida. Plaintiffs' claiming hardship is not dispositive, but weighs against transfer.

Contrary to defendants' assertion, because judge Fischer prior order transferring the case to Florida failing to consider California Labor Code section 925 and the convenience of the Plaintiffs and their witnesses and members of the California Class, the forum-selection clause must be found unenforceable here.  Moreover, without the benefit of discovery to further illuminate the issue of numerosity and geographic distribution regarding the proportional convenience of the California class members and the collective members, the convenience of the parties is a neutral factor in deciding defendants' motion to transfer.

## 2. Transfer Would Contravene Public Policy and Not Be in The Interest of Justice.

A district court deciding a motion to transfer must also consider public interest factors such as relative degrees of court congestion, familiarity with governing law, and local interest in deciding localized controversies.

Here, court congestion is a neutral factor. Nevertheless, the Northern District of Florida — with 4,221.3 civil filings as compared with 95.4 civil filings per one million people in the United States — was the most active during April 2021. The Northern District of Florida was ranked 1st a year ago and Norther District of California was 10th last year.

https://trac.syr.edu/tracreports/bulletins/overall/monthlyapr21/cfil/

It is clear while Florida leads the entire nation to be highest ranking filers in the country, Northern California was in 10th place; the case load in the Northern District of California was significantly less than in the Middle District of Florida, the median time from filing to disposition of a civil action is also significantly less.

Although, the two districts are equally familiar with federal law, which forms the basis of the putative FLSA collective action; California district is more familiar with the state laws

underlying the California labor class action claims. But since California federal courts are fully capable of applying California law, this factor should weigh heavily against transfer.

California's strong public policy as discussed in the above forum-selection analysis, however, shows that the local interest in adjudicating this action is greater than Florida forum. Section 925 expresses California's interest in preventing contractual circumvention of its labor law—tipping the scales against transfer. Accordingly, defendants' motion to transfer venue pursuant to Section 1404(a) should be **DENIED**.

### V.   <u>CONCLUSION</u>

Plaintiffs' complaint significantly differs from the Initial case. Contrary to defendants' assertions, judge Fischer's last order transferring the case to Florida is not controlling here. Based on established laws and authorities, more specifically California Labor Code Section 925, California Strong Public Policy does not allow employment agreement to validate forum-selection-clauses and are inapplicable to California workers who filed relief for violations of labor laws.

Since Plaintiff was an employee pursuant to *Dynamex, supra*, ABC test apply to Plaintiff considering allegations in the complaint as true; the court must first determine discovery and must determine Plaintiff's employment status. If court conclude Plaintiff was employee, section 925 triggers and would invalidate the agreement that defendants signed by Plaintiff to compel him to forum-selection-clause.

Further, based on the fact that the complaint was filed on behalf of classes of California Citizens, forum-selection-clause embedded in the agreement is not enforceable against Plaintiff and co-plaintiff. Motion must be DENIED.

Respectfully Submitted,

DATED: May 26, 2021

LAW OFFICE OF MOTAZ M. GERGES

_____/s/ Motaz M. Gerges_____
Attorneys for Plaintiffs Hany Tanious;
Loussine S. Mazmanian and the Class Members

14